In the Matter of CAYWOOD MALL, INC., Bankrupt.

Stanley R. RUDIN, as Trustee of Caywood Mall, Inc., Plaintiff,

v.

PORTER–WRIGHT LUMBER CO., INC., Elmer J. Porter, Mary Porter, and Marine Midland Bank Southern, Defendants.

Bankruptcy No. B–78–623.

United States Bankruptcy Court, W. D. New York.

April 16, 1980.

Lacy, Katzen, Jones & Ryen by Louis A. Ryen, Rochester, N. Y., for plaintiff.

Valent, Callanan & Morris by Henry Valent, Watkins Glen, N. Y., for Porter-Wright Lumber Co. Inc., Elmer J. Porter and Mary Porter, defendants.

Denton, Moseson & Keyser by Thomas W. Farstad, Elmira, N. Y., for Marine Midland Bank Southern, defendant.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This is an action by the Trustee requiring the turnover of property to the Trustee for the benefit of the estate. Pretrials have been held and a stipulation of facts has been entered into between the Trustee and the principal defendant. The case has been settled between the Trustee and Marine Midland Bank Southern. The matter has been submitted for decision.

The facts stipulated to are as follows. On or about August 8, 1975, Donald Guthrie, Porter-Wright Lumber Co., Inc., Elmer J. Porter and Mary Porter entered into an agreement. This agreement provided for the transfer to Donald Guthrie of a lumber and hardware business, including, the inventory thereof, the accounts receivable and certain pieces of real property, on which the business was operated. On August 8, 1975, in accordance with the agreement, the Porters delivered possession of the property to Guthrie. No deed was given to Guthrie for the real property. Nothing was recorded in any of the County Clerks' offices.

After this transfer, Guthrie formed the debtor corporation, the Caywood Mall, Inc., and on or about May 27, 1977, Guthrie transferred all of his right, title and interest in the property, which was the subject of the agreement, and all property, which he acquired in the business after August 8, 1975, to the debtor. The bankrupt, as consideration, assumed the debts of the business and issues shares of stock in the bankrupt to Guthrie. After January 19, 1977, the bankrupt operated the business and made use of the property until November, 1977 when Marine Midland Bank Southern, one of the defendants, took possession of all the personal property they claimed as collateral for a loan made to Guthrie.

On November 28, 1977, Guthrie, acting for the bankrupt, surrendered the keys to the building to Elmer Porter and advised him that the business had been closed by Marine Midland Bank. Porter refused to take possession of any of the property. In December, Porter's attorneys issued a summons and verified complaint against Guthrie and the bankrupt. They were served on Guthrie and the bankrupt about March 15, 1978. On March 20, 1978, an involuntary petition was filed against the bankrupt corporation and the corporation was subsequently adjudicated a bankrupt. On April 19, 1978, the Porters and Guthrie acting on behalf of the bankrupt, entered into a stipulation to turn the property over to the plaintiffs in the foreclosure action. No consideration was given to Guthrie or the bankrupt for entering into that stipulation. In any event, the stipulation was entered into after the effective date of the bankruptcy.

As between the Porters, their corporation and the Trustee, there are two issues. The first issue deals with the real property purportedly conveyed by the agreement and the second issue deals with the personal property purportedly conveyed by the agreement.

■ Taking first things first. In New York State, the execution and delivery of a deed is necessary to vest title in the grantee (See 62 N.Y.Jur. *Vendor and Purchaser* § 2

(1968); 15 N.Y.Jur. *Deeds* § 42 (1972)). There is specific statutory authority for the requirement of a deed when conveying real property. See N.Y. General Obligations Law § 5–703. It says:

An estate or interest in real property . . . cannot be created, granted, assigned, surrendered or declared unless by act or operation of law or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same.

In the case at bar, there was never a deed. Possession was surrendered to Guthrie, who in turned surrendered it to Caywood Mall, Inc. But while they acted as owners, they never had title to the property. Hence, the real property belongs to and continues to belong to the grantor thereof.

■ With regard to the personal property transferred by the agreement of August 8, 1975 and subsequently assigned by the grantee to the bankrupt. Personal property can be conveyed in New York State by the grantor, delivering possession of the property to the grantee. Section 9–302 of the New York State Uniform Commercial Code requires the secured party who has surrendered possession of personal property to a grantee to file a financing statement, if they wish to retain a security interest in the property. In the case at bar, no statement was filed. This case does not fall within any of the exceptions set forth in § 9–302(1)(a)–(k). Therefore, the Trustee is entitled to the personal property of the bankrupt, and it is so ordered.

This Memorandum and Decision shall constitute Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.